**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF PENNSYLVANIA**

**CIVIL ACTION**

DONNA L. DULL                     :
5042 Rislyn Court                 :
Spring Grove, PA  17362           :   NO:
                                  :
          and                     :
                                  :
HOLLY DULL                        :
5042 Rislyn Court                 :
Spring Grove, PA  17362           :
                  Plaintiffs      :
                                  :
          v.                      :   JURY TRIAL DEMANDED
                                  :
WEST MANCHESTER TOWNSHIP          :
POLICE DEPARTMENT                 :
380 East Berlin Road              :
York, PA  17404                   :
                                  :
          and                     :
                                  :
WEST MANCHESTER TOWNSHIP          :
380 East Berlin Road              :
York, PA  17404                   :
                                  :
          and                     :
                                  :

WEST MANCHESTER TOWNSHIP                       :
CHIEF OF POLICE ARTHUR D.                      :
SMITH, JR., in both his individual and         :
official capacity,                             :
c/o West Manchester Township Police            :
Department                                     :
380 East Berlin Road                           :
York, PA  17404                                :
                                               :
            and                                :
                                               :
WEST MANCHESTER TOWNSHIP                       :
POLICE OFFICER SEAN CONWAY, in                :
both his individual and official capacity,     :
c/o West Manchester Township Police            :
Department                                     :
380 East Berlin Road                           :
York, PA  17404                                :
                                               :
            and                                :
                                               :
WEST MANCHESTER TOWNSHIP                       :
POLICE SERGEANT PETER HAINES,                  :
in both his individual and official            :
capacity,                                      :
c/o West Manchester Township Police            :
Department                                     :
380 East Berlin Road                           :
York, PA  17404                                :
                                               :
            and                                :
                                               :
WEST MANCHESTER TOWNSHIP                       :
POLICE OFFICER DAVID KELLER, in               :
both his individual and official capacity,     :
c/o West Manchester Township Police            :
Department                                     :
380 East Berlin Road                           :
York, PA  17404                                :

2

and                                    :
                                       :
WEST MANCHESTER TOWNSHIP               :
POLICE OFFICER DAVID BIXLER, in        :
both his individual and official capacity, :
c/o West Manchester Township Police    :
Department                             :
380 East Berlin Road                   :
York, PA  17404                        :
                                       :
            and                        :
                                       :
WEST MANCHESTER TOWNSHIP               :
POLICE OFFICER STEVEN CRIDER,          :
in both his individual and official    :
capacity,                              :
c/o West Manchester Township Police    :
Department                             :
380 East Berlin Road                   :
York, PA  17404                        :
                                       :
            and                        :
                                       :
YORK CITY POLICE DEPARTMENT            :
50 West King Street                    :
York, PA  17403                        :
                                       :
            and                        :
                                       :
CITY OF YORK                           :
50 West King Street                    :
York, PA  17403                        :
                                       :
            and                        :
                                       :
YORK CITY POLICE                       :
COMMISSIONER MARK L.                   :
WHITMAN, in both his individual and    :
official capacity,                     :

3

c/o West Manchester Township Police        :
Department                                  :
50 West King Street                         :
York, PA  17403                             :
                                            :
                and                         :
                                            :
YORK CITY POLICE OFFICER JOHN               :
DOE, in both his individual and official    :
capacity,                                   :
c/o West Manchester Township Police        :
Department                                  :
50 West King Street                         :
York, PA  17403                             :
                Defendants                  :
                                            :

## COMPLAINT

1.      This is an action for money damages against the following for the

violation of the Plaintiffs' constitutional rights:  West Manchester Township Police

Department ("West Manchester Police"); West Manchester Township ("the

Township"); West Manchester Township Chief of Police Arthur D. Smith, Jr.

("Police Chief Smith"); West Manchester Township Police Officer Sean Conway

("Officer Conway"); West Manchester Township Police Sergeant Peter Haines

("Sergeant Haines"); West Manchester Township Police Officer David Keller

"(Officer Keller"); West Manchester Township Police Detective David Bixler

("Detective Bixler"); West Manchester Township Police Detective Steven Crider

("Detective Crider"); York City Police Department ("York City Police"); the City

4

of York ("the City"); York City Police Commissioner Mark L. Whitman ("Police Commissioner Whitman"); and York City Police Officer John Doe, a York City police officer whose identity is unknown at this time.

2.      Police Chief Smith, Officer Conway, Sergeant Haines, Officer Keller, Detective Bixler, Detective Crider, Police Commissioner Whitman, and York City Police Officer John Doe (hereinafter collectively referred to as "defendant law enforcement officers") are all sued in both their individual and official capacity.

3.      Plaintiff Donna L. Dull alleges that one or more of the defendant law enforcement officers, with reckless disregard for plaintiff Donna L. Dull's safety, unlawfully used excessive force by approaching plaintiff from behind, while she was handcuffed, and slamming her into the vehicle parked next to hers on March 14, 2005. The actions of one or more of the defendant law enforcement officers were without legal justification and in violation of plaintiff Donna L. Dull's rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §1983, and her rights under the constitution and laws of the Commonwealth of Pennsylvania. By assaulting plaintiff Donna L. Dull as aforesaid, one or more of the above-named defendant law enforcement officers directly violated the laws of the Commonwealth of Pennsylvania regarding the excessive use of force.

5

4.     Plaintiff Donna L. Dull and plaintiff Holly Dull allege that West Manchester Township, the West Manchester Township Police Department, Police Chief Smith, the City of York, the York City Police Department, and Police Commissioner Whitman failed to provide training and supervision concerning the rights of citizens, the probable cause needed for arrest, and the lawful use of force by police officers, amounting to gross negligence and a reckless and/or deliberate indifference to the safety and lives of the citizens of the Commonwealth of Pennsylvania, including the plaintiffs.

5.     Further, defendants West Manchester Township, the West Manchester Township Police Department, Police Chief Smith, the City of York, York City Police Department and Police Commissioner Whitman are directly liable and responsible for the acts of the defendant law enforcement officers because the defendant law enforcement officers repeatedly and knowingly failed to enforce the laws and guidelines of the Commonwealth of Pennsylvania and any relevant state or departmental regulations pertaining to the use of force by police officers and pertaining to the need for probable cause for an arrest, thereby creating within the West Manchester Township Police Department and the York City Police Department an atmosphere of lawlessness in which police officers employed excessive and illegal force and violence and arrested plaintiff Holly Dull without

6

probable cause in the belief that such acts would be condoned and justified by their superiors.

6.     Plaintiffs file the within civil action Complaint and request judgment against the defendants jointly, severally, and in the alternative in a sum in excess of $200,000.00 plus punitive damages, interest, costs, and attorney fees pursuant to 42 U.S.C. §1988 and damages for delay.

## JURISDICTION

7.     This action is brought pursuant to 42 U.S.C. §1983, §1988, and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. §1331 and §1343, and the aforementioned statutory and constitutional provisions.

8.     Plaintiffs further invoke this court's pendent jurisdiction to consider claims arising under state law.

## VENUE

9.     The actions herein complained of occurred in the Middle District of Pennsylvania by Title 28 U.S.C. §1391(b).

## PARTIES

10.     Plaintiff Donna L. Dull is, and was at all material times, an adult individual and citizen of the United States.  She resides at 5042 Rislyn Court, Spring Grove, Pennsylvania 17362.

11.     Plaintiff Holly Dull is, and was at all material times, an adult individual and citizen of the United States.  She resides at 5042 Rislyn Court, Spring Grove, Pennsylvania 17362.

12.     Upon information and belief, defendant West Manchester Township Police Department is, and at all times relevant to this Complaint was, a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania and located at 380 East Berlin Road, York, Pennsylvania 17404 in the County of York.  At all times relevant, Defendant West Manchester Township Police Department employed some or all of the defendant law enforcement officers and was responsible for their training, supervision and discipline.

13.     Upon information and belief, defendant West Manchester Township is, and at all times relevant to this Complaint was, a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania and located at 380 East Berlin Road, York, Pennsylvania 17404, in the County of York. At all times relevant, defendant West Manchester Township employed some or all

8

of the defendant law enforcement officers and was responsible for their training, supervision and discipline.

14.     Upon information and belief, defendant West Manchester Township Chief of Police Arthur D. Smith, Jr. is, and at all times relevant to this Complaint was, the duly appointed and acting Police Chief of the West Manchester Township Police Department with a business address of 380 East Berlin Road, York, Pennsylvania 17404, County of York.  At all times relevant, Defendant Police Chief Smith was acting in his capacity as the agent, servant and employee of the defendant West Manchester Township and of the defendant West Manchester Township Police Department.  He is being sued individually and in his official capacity.

15.     Upon information and belief, defendant West Manchester Township Police Officer Sean Conway is, and at all times relevant to this Complaint was, a police officer with the West Manchester Township Police Department with a business address c/o West Manchester Township Police Department, 380 East Berlin Road, York, Pennsylvania 17404, County of York.  At all times relevant, Officer Conway was acting in his capacity as the agent, servant and employee of the defendant West Manchester Township and of the defendant West Manchester

Township Police Department. He is being sued individually and in his official capacity

16.    Upon information and belief, defendant West Manchester Township Police Sergeant Peter Haines is, and at all times relevant to this Complaint was, a police officer with the West Manchester Township Police Department with a business address c/o West Manchester Township Police Department, 380 East Berlin Road, York, Pennsylvania 17404, County of York. At all times relevant, Police Sergeant Haines was acting in his capacity as the agent, servant and employee of the defendant West Manchester Township and of the defendant West Manchester Township Police Department. He is being sued individually and in his official capacity.

17.    Upon information and belief, defendant West Manchester Township Police Officer David Keller is, and at all times relevant to this Complaint was, a police officer with the West Manchester Township Police Department with a business address c/o West Manchester Township Police Department, 380 East Berlin Road, York, Pennsylvania 17404, County of York. At all times relevant, Officer Keller was acting in his capacity as the agent, servant and employee of the defendant West Manchester Township and of the defendant West Manchester

10

Township Police Department. He is being sued individually and in his official capacity.

18.     Upon information and belief, defendant West Manchester Township Police Detective David Bixler is, and at all times relevant to this Complaint was, a police officer with the West Manchester Township Police Department with a business address c/o West Manchester Township Police Department, 380 East Berlin Road, York, Pennsylvania 17404, County of York. At all times relevant, Detective Bixler was acting in his capacity as the agent, servant and employee of the defendant West Manchester Township and of the defendant West Manchester Township Police Department. He is being sued individually and in his official capacity.

19.     Upon information and belief, defendant West Manchester Township Police Detective Steven Crider is, and at all times relevant to this Complaint was, a police officer with the West Manchester Township Police Department with a business address c/o West Manchester Township Police Department, 380 East Berlin Road, York, Pennsylvania 17404, County of York. At all times relevant, Detective Crider was acting in his capacity as the agent, servant and employee of the defendant West Manchester Township and of the defendant West Manchester

11

Township Police Department.  He is being sued individually and in his official capacity.

20.    Upon information and belief, defendant York City Police Department is, and at all times relevant to this Complaint was, a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania and located at 50 West King Street, York, Pennsylvania 17403, County of York.  At all times relevant, defendant York City Police Department employed York City Police Officer John Doe, whose identity is not known at this time.  Also, upon information and belief, defendant York City Police Department was responsible for the training, supervision and discipline of defendant York City Police Officer John Doe.

21.    Upon information and belief, defendant City of York is, and at all times relevant to this Complaint was, a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania and located at 50 West King Street, York, Pennsylvania 17403, County of York.  Upon information and belief, defendant City of York employed York City Police Officer John Doe, whose identity is not known at this time.  Upon information and belief, at all times relevant, defendant City of York was responsible for the training, supervision and discipline of defendant York City Police Officer John Doe.

12

22.    Upon information and belief, defendant York City Police Officer John Doe is, and at all times relevant to this Complaint was, a police officer with the York City Police Department with a business address c/o York City Police Department, 50 West King Street, York, Pennsylvania 17403, County of York. The exact identity of the police officer, John Doe, is unknown at this time. Upon information and belief, at all times relevant, defendant York City Police Officer John Doe was acting in his capacity as the agent, servant and employee of defendant City of York and of defendant York City Police Department. He is being sued individually and in his official capacity.

23.    Upon information and belief York City Police Commissioner Mark L. Whitman is and at all times relevant was, the duly appointed and acting police commissioner of the York City Police Department with a business address of 50 West King Street, York, Pennsylvania 17403, County of York. At all times relevant, Defendant Police Commissioner Whitman was acting in his capacity as the agent, servant, and employee of defendants City of York and York City Police Department. He is being sued individually and in his official capacity.

24.    Defendants West Manchester Township and West Manchester Township Police Department at all times relevant hereto were vested with the responsibility of promulgating and implementing policy and procedure for the

13

screening, hiring, training, supervising, and disciplining of members of its police forces, including Police Chief Smith, Officer Conway, Sergeant Haines, Officer Keller, Detective Bixler, and Detective Crider.

25.    Defendants City of York and York City Police Department at all times relevant hereto were vested with the responsibility of promulgating and implementing policy and procedure for the screening, hiring, training, supervising and disciplining of members of its police force, including York City Police Officer John Doe.

26.    At all times relevant, defendants acted under color of law and/or pretense of law.  The defendants engaged in illegal conduct or policies described hereinafter which resulted in the injuries to the plaintiffs and deprived plaintiffs of the rights, privileges and immunities described herein.

## OPERATIVE FACTS

27.    At all times relevant, plaintiff Donna Dull was 59 years old, five feet tall and weighed 135 lbs.

28.    On March 13, 2005, plaintiff Donna Dull took film to the Wal-Mart in the West Manchester Mall to be developed.

29.    On March 14, 2005, plaintiff Donna Dull returned to Wal-Mart to pick up the photos.

14

30.    However, she was unable to obtain the photos because Wal-Mart had questioned the propriety of the contents of the photos and contacted the West Manchester Township Police Department.

31.    After she was informed of this and was given the name and contact information of the police officer in charge of the investigation, Plaintiff Donna Dull went to the Chick-fil-A restaurant where she purchased a sandwich that she planned to eat in her vehicle.

32.    Plaintiff Donna Dull then left Chick-fil-A, proceeded to her vehicle, which was in the mall parking lot, and entered her vehicle.

33.    Officer Conway then drove his police car up behind plaintiff Donna Dull's vehicle to block its exit, got out of his car and approached plaintiff Donna Dull in her vehicle while shouting loudly, "Drop your sandwich and get out of your car."

34.    Plaintiff Donna Dull was confused and did not understand why a police officer would be encountering her in this manner.

35.    By this time, other law enforcement officers, including Sergeant Haines, Officer Keller, Detective Bixler, Detective Crider and York City Police Officer John Doe had also arrived and were present at the scene.

15

36.    Officer Conway repeated the commands and plaintiff Donna Dull exited her vehicle.

37.    Officer Conway immediately handcuffed her tightly in a rough, vigorous and aggressive manner.

38.    Plaintiff Donna Dull, scared and in shock, said to Officer Conway, who was handcuffing her, "Please don't do that."

39.    Just as plaintiff Donna Dull finished saying those words, one or more of the defendant law enforcement officers came up from behind plaintiff Donna Dull, pounced on her back and slammed her into a car parked near her vehicle, causing serious injuries and pain to plaintiff Donna Due as detailed below.

40.    One or more of the defendant law enforcement officers slammed Donna Due into the nearby car and otherwise injured her while plaintiff Donna Dull was in handcuffs and while she was providing no resistance whatsoever to police actions.

41.    The above-described conduct by one or more of the defendant law enforcement officers was without justification or provocation.

42.    Plaintiff Donna Dull was unable to see the face of the one or more defendant law enforcement officers who slammed her into the car because he/they were behind her.

16

43.   At this point, the defendant law enforcement officers had not read plaintiff Donna Dull her rights.

44.   Plaintiff Donna Dull was then shoved into Officer Conway's police vehicle.

45.   As plaintiff Donna Dull was being attacked and injured by one or more of the defendant law enforcement officers as described above, the rest of the defendant law enforcement officers looked on as plaintiff Donna Dull was violently accosted in violation of her Fourth and Fourteenth Amendment and other constitutional rights.  None of the other law enforcement officers did anything to stop or discourage the law enforcement officer or officers who slammed plaintiff Donna Dull into the car.  These defendant law enforcement officers who witnessed the egregious and outrageous conduct of the law enforcement officers who attacked plaintiff Donna Dull thereby ratified that conduct.

46.   Then plaintiff Donna Dull's daughter, plaintiff Holly Dull, exited the mall, walked up to the scene, identified herself, and asked the defendant law enforcement officers what was happening.

47.   Although there was no probable cause for doing so, Detective Bixler then indicated that plaintiff Holly Dull should be taken into custody as well.

17

48.     One of the defendant law enforcement officers then read plaintiff Holly Dull her rights, at which point Officer Conway turned to plaintiff Donna Dull and asked "Did you hear that?"

49.     Plaintiff Donna Dull was never read her rights.

50.     Plaintiff Holly Dull was then shoved into a different police car.

51.     Both plaintiffs were transported to the West Manchester Township Police Department.

52.     At the police station, plaintiff Donna Dull was left handcuffed for two hours during which time she began losing feeling in her hands and fingers.

53.     She then requested that the handcuffs be removed and a leg iron was placed on her ankle and secured to a handcuff bar.

54.     After her release, plaintiff Donna Dull went to her doctor and other health care providers for treatment of the injuries caused by the above-described conduct of one or more of the defendant law enforcement officers.

55.     On or about June 21, 2006, the case against plaintiff Donna Dull was dismissed on a motion for *nolle prosequi* presented by the York County District Attorney, H. Stanley Rebert, himself.

56.     Plaintiff Holly Dull was never charged for any crime or misdemeanor.

18

57.    As a result of the above-described incident, plaintiff Donna Dull filed a complaint against the defendant law enforcement officers with the West Manchester Township Police Department in March 2005.

58.    As a direct and proximate result of the aforesaid actions of the defendant law enforcement officers, plaintiff Donna Dull suffered severe personal injuries including pain under her left breast, persistent burning/electric sensation in left nipple region; left rib contusion with bruising; blunted breathing (ongoing trouble getting deep breath); cervical strain/sprain; neck pain; lumbar strain/sprain; lower back pain; thoracic strain/sprain; mid-back pain and right inguinal hernia requiring surgical repair; humiliation, embarrassment; multiple contusions and abrasions of the body; severe pain and suffering; and severe mental and emotional distress, which has manifested itself physically.

59.    As a direct and proximate result of the aforesaid actions of the defendant law enforcement officers, plaintiff Donna Dull has been required to undergo surgery for her injuries, including right inguinal hernia repair.

60.    As a direct and proximate result of the aforesaid actions of the defendant law enforcement officers, plaintiff Donna Dull has had to take prescription medicines, including Neurotin, participate in physical therapy and undergo various diagnostic studies.

61.    As a direct and proximate result of the aforesaid actions of the defendant law enforcement officers, plaintiff Donna Dull has incurred various medical expenses in an effort to effect a cure for her injuries and is expected to suffer such loss in the future all to her great detriment and loss.

62.    As a direct and proximate result of the aforesaid actions of the defendant law enforcement officers, plaintiff Donna Dull was and may in the future be unable to engage in her usual daily activities and occupations all to her great detriment and loss.

63.    By injuring plaintiff Donna Dull through the excessive use of force, the defendant law enforcement officers violated the laws of the Commonwealth of Pennsylvania regarding the use of force.

64.    The defendant law enforcement officers injured plaintiff Donna Dull without just and legal cause and with reckless indifference to the safety of plaintiff Donna Dull, thereby violating plaintiff Donna Dull's rights under the laws and constitution of the United States, in particular 42 U.S.C. §1983, the Fourth and Fourteenth Amendments to the United States Constitution and plaintiff Donna Dull's rights under the Constitution and law of the Commonwealth of Pennsylvania.

20

65.    As a direct and proximate result of the above-described unlawful, reckless, arbitrary, intentional and malicious acts of the defendant law enforcement officers, all committed under color of the defendant law enforcement officers' authority as West Manchester Township or York City police officers and while acting in that capacity, plaintiff Donna Dull suffered great bodily harm all of which is in violation of her rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments and 42 U.S.C. §1983.

66.    Plaintiff Donna Dull was a victim of summary punishment at the hands of the defendant law enforcement officers. The punishment administered was grossly disproportionate to whatever plaintiff Donna Dull's acts may have been and it constituted cruel and unusual punishment and deprived her of her right to due process of law under the laws and Constitution of the United States. The infliction of injury upon plaintiff Donna Dull by the defendant law enforcement officers was unwarranted, cruel, arbitrary, reckless, inhumane, unjustifiable and excessive.

67.    As a further direct and proximate result of the above-described acts, plaintiff was deprived of the rights and immunities secured to her under the Constitution and laws of the United States and the Commonwealth of Pennsylvania to be secure in her person and to be free from punishment without due process.

21

68. The defendant law enforcement officers subjected plaintiff Donna Dull to these deprivations of her rights either maliciously, arbitrarily or by acting with reckless disregard for whether plaintiff Donna Dull's rights would be violated by these actions.

69. The injuries sustained by plaintiff Donna Dull were due solely to the intentional and reckless acts of the defendants.

70. By arresting plaintiff Holly Dull without probable cause and taking her into custody without probable cause, the defendant law enforcement officers violated the laws of the Commonwealth of Pennsylvania.

71. By arresting plaintiff Holly Dull without probable cause and without just and legal cause and by taking plaintiff Holly Dull into custody without probable cause and without just and legal cause, the defendant law enforcement officers violated plaintiff Holly Dull's rights under the laws and Constitution of the United States, in particular 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution. They also violated plaintiff Holly Dull's rights under the Constitution and laws of the Commonwealth of Pennsylvania.

72. The above-described outrageous and egregious acts of the defendant law enforcement officers, all committed under color of the law enforcement

22

officers' authority as West Manchester Township or York City police officers and while acting in that capacity, deprived plaintiff Holly Dull of her rights, privileges, and immunities granted to her as a citizen of the United States in violation of 42 U.S.C. §1983 and deprived plaintiff Holly Dull of rights guaranteed to her by the Fourth and Fourteenth Amendments of the Constitution of the United States.

73.    As a direct and proximate result of the acts of the defendant law enforcement officers toward both herself and her mother, plaintiff Holly Dull was subjected to extreme fright and shock, embarrassment, humiliation and has suffered from mental anguish, nervousness, shame, loss of enjoyment of life, anxiety, and a loss of feeling of well-being and security.

## CUSTOM, POLICY AND PRACTICE

74.    The averments of Paragraphs 1 to 73 above are incorporated as though fully set forth herein.

75.    It has been a longstanding official policy, practice and/or custom of West Manchester Township, the West Manchester Township Police Department, Police Chief Smith, the City of York, the York City Police Department and Police Commissioner Whitman of being deliberately indifferent toward the need to properly screen, hire, train, supervise and discipline their police officers when said defendants knew of the pattern of their police officers violating the constitutional

23

and statutory rights of individuals, and as a direct and proximate result of said indifference, the plaintiffs' constitutional and civil rights were violated as stated herein.

76.     West Manchester Township, the West Manchester Township Police Department, Police Chief Smith, the City of York, the York City Police Department and Police Commissioner Whitman have a longstanding custom and/or official policy and practice of permitting and encouraging their respective police officers to use illegal and unconstitutional tactics, by training their police officers to use dominance in confrontation situations and by failing to institute disciplinary procedures to prevent the use of these tactics.

77.     West Manchester Township, the West Manchester Township Police Department, Police Chief Smith, the City of York, the York City Police Department and Police Commissioner Whitman have a longstanding official policy and/or custom of encouraging police misconduct by failing to review their respective police departments' training and disciplinary measures.

78.     The known lack of an investigation to be conducted and the lack of possibility of disciplinary action against any offending police officers in the West Manchester Township Police Department and/or the City of York Police

Department establishes a de facto policy which condones and encourages the complained of conduct.

79.     West Manchester Township, the West Manchester Township Police Department, Police Chief Smith, the City of York, the York City Police Department and Police Commissioner Whitman set and maintain policies which encourage or condone misconduct against citizens.

80.     The execution of these official policies and customs by West Manchester Township, the West Manchester Township Police Department, Police Chief Smith, the City of York, the York City Police Department and Police Commissioner Whitman was the direct and proximate result of the injuries and damages suffered by the plaintiffs.

## COUNT I

### VIOLATION OF 42 U.S.C. §1983
### DONNA L. DULL V. CONWAY, HAINES, KELLER, BIXLER
### CRIDER AND YORK CITY POLICE OFFICER JOHN DOE

81.     The averments of paragraphs 1 to 80 above are incorporated herein as though fully set forth.

82.     Plaintiff Donna Dull was deprived of rights, privileges and immunities secured by the United States Constitution and laws of the United States due to the above-described conduct of the defendants acting under color of state law.

83.    The violation of plaintiff Donna Dull's constitutional rights by the defendant law enforcement officers, acting under color of law, individually, and through their conspiracy with one another, was in accordance with the customs, official policies and practices of the defendants West Manchester Township, West Manchester Township Police Department, Police Chief Smith, City of York, the York City Police Department, and Police Commissioner Whitman.

84.    The defendants violated the constitutional rights of Plaintiff Donna Dull by the following acts.

(a)    Subjecting plaintiff Donna Dull to unlawful and excessive force which caused severe injuries;

(b)    Allowing plaintiff Donna Dull to remain in handcuffs and leg irons for an unreasonable amount of time, causing her arms, fingers, hands and legs to lose feeling.

85.    Defendants' conduct as set forth above constituted an unreasonable seizure under the Fourth Amendment to the United States Constitution.

86.    In addition, such conduct constituted a deprivation of plaintiff's Due Process rights under the Fourteenth Amendment to the United States Constitution.

87.    The above-described acts of the defendants, acting separately and in concert, were committed with malice and extreme indifference to the rights and privileges of plaintiff Donna Dull as described herein.

26

88.    As a result of defendants' violation of plaintiff Donna Dull's

constitutional rights, plaintiff Donna Dull suffered substantial injuries and damages

as set forth above.

WHEREFORE, plaintiff Donna Dull demands judgment against the

defendants in a sum in excess of Two Hundred Thousand ($200,000) Dollars, plus

punitive damages, interest, costs, attorneys' fees, damages for delay and all other

relief to which she is entitled.

## COUNT II

**VIOLATION OF 42 U.S.C. §1983**
**DONNA L. DULL V. WEST MANCHESTER TOWNSHIP,**
**WEST MANCHESTER TOWNSHIP POLICE DEPARTMENT,**
**POLICE CHIEF SMITH, CITY OF YORK, YORK CITY POLICE**
**DEPARTMENT AND POLICE COMMISSIONER WHITMAN**

89.    The averments of paragraphs 1 to 88 above are incorporated herein as

if fully set forth.

90.    Defendants West Manchester Township, West Manchester Township

Police Department, Police Chief Smith, City of York, York City Police

Department, and Police Commissioner Whitman tolerated and ratified a pattern

and practice of unjustified, unreasonable and illegal use of force in that:

(a)    Said defendants failed to discipline or prosecute or in any manner deal

with known incidents of abusive police powers and improper use of

force by officers;

27

(b)     Said defendants refused to investigate complaints of previous incidents of abuse of police powers and improper use of force by police officers and instead officially claimed that such incidents were justified and proper; and

(c)     By means of both inaction and cover up of such abusive of police powers and excessive use of force by officers, said defendants encouraged police officers, including the defendant law enforcement officers, to believe that such abuse of police powers and improper use of force was permissible.

91.     Said defendants have maintained either an inadequate system or no system of review of the use of force by police officers, which results in the failure to identify instances of improper use of force, or failure to discipline, closely supervise or retrain police officers who improperly use force.  Upon information and belief, the system deficiencies include, but are not limited to:

(a)     Preparation of investigative reports designed to vindicate the use of force regardless of whether such actions were justified;

(b)     Preparation of investigative reports which uncritically rely solely on the word of police officers involved in the incidents and which systematically failed to credit testimony by non-police officer witnesses;

28

(c)    Preparation of investigative reports which omit factual information and physical evidence which contradict the accounts of the police officers involved;

(d)    Issuance of statements exonerating officers involved in such incidents prior to the conclusion of investigation; and

(e)    Failure to review investigative reports by responsible superior officers for accuracy or completeness and acceptance for conclusions which are unwarranted by the evidence or which contradict such evidence.

92.    Upon information and belief, defendants West Manchester Township, West Manchester Township Police Department, Police Chief Smith, City of York, York City Police Department, and Police Commissioner Whitman also maintain a system of grossly inadequate training pertaining to the law of permissible use of force.

93.    Said defendants failed to promulgate and enforce a policy relating to the use of force which is not in violation of the laws of the Commonwealth of Pennsylvania and the United States Constitution, thereby causing and encouraging police officers, including the defendant law enforcement officers, to violate the rights of citizens such as plaintiff Donna L. Dull and plaintiff Holly Dull.

94.    Defendants West Manchester Township, West Manchester Township Police Department, Police Chief Smith, City of York, York City Police

Department and Police Commissioner Whitman failed to properly sanction or discipline officers who are aware of and subsequently conceal and/or aid and abet violations of constitutional rights of citizens, including Fourth and Fourteenth Amendment rights violations by other police officers, thereby causing and encouraging police officers, including the defendant law enforcement officers, to violate the rights of citizens such as plaintiff Donna Dull.

95.    Said defendants have intentionally and/or with conscious indifference to the danger of harm to citizens like plaintiff Donna L. Dull, established a system which fails to identify, track or report instances of improper use of force and which is used by said defendants to conceal the extent to which police officers engage in improper and excessive use of force.

96.    The foregoing acts, omissions and systemic deficiencies of policies, practices and customs of defendants West Manchester Township, West Manchester Township Police Department, Police Chief Smith, City of York, York City Police Department and Police Commissioner Whitman have caused the defendant law enforcement officers to be unaware of or to disregard the rules and laws governing the situations under which it is permissible to engage in the use of force and to believe that the excessive use of force against citizens without just cause is a proper police practice entirely within the discretion of the officer and that excessive use of force resulting in injuries would not be honestly and properly

30

investigated, all with the foreseeable result that officers, including the defendant law enforcement officers, are more likely to engage in excessive use of force in situations where such action is not necessary, reasonable or legal.

97.    At no time, either prior to employment of the defendant law enforcement officers, or after assignment to duty whereby it was foreseeable that the defendant law enforcement officers would be required to use force, did defendants West Manchester Township, West Manchester Township Police Department, Police Chief Smith, City of York, York City Police Department or Police Commissioner Whitman take reasonable steps to ascertain whether the defendant law enforcement officers were emotionally capable of performing such police duties and did not have a propensity toward violence or overreaction in situations they were likely to encounter, or administer well known standard tests to ascertain the defendant law enforcement officers' propensity toward violence.

98.    Said defendants as a matter of policy and practice have with deliberate indifference failed to adequately train, discipline, sanction or otherwise direct West Manchester Township Police Department officers or York City Police Department officers concerning the rights of citizens, particularly under the Fourth and Fourteenth Amendments of the United States Constitution, thereby causing the defendant law enforcement officers in this case to engage in the unlawful conduct as described above.

31

99.     Said defendants, as a matter of policy and practice, have with deliberate indifference failed to adequately train, discipline, sanction or otherwise direct West Manchester Township Police Department officers or York City Police Department officers, including the defendant law enforcement officers, who are aware of and subsequently conceal violations of the constitutional rights of citizens, including Fourth and Fourteenth Amendment rights violations by other police officers.  The policy and practice of West Manchester Township, West Manchester Township Police Department, Police Chief Smith, City of York, York City Police Department and Police Commissioner Whitman thereby causes and encourages officers, including the defendant law enforcement officers, to engage in unlawful conduct which violates plaintiff Donna L. Dull's Fourth and Fourteenth Amendment rights and other rights under the United States Constitution.

100.    Said defendants are directly liable for their own acts and omissions, specifically with regard to the failure to train and with regard to the promulgation of violations of the plaintiffs' Constitutional rights, including Fourth and Fourteenth Amendment rights, through the maintenance of a policy, custom, practice and/or procedure that ratifies, condones and/or tolerates such violations.

101.    As a direct and proximate result of the aforesaid acts, omissions, systemic deficiencies, policies and customs of West Manchester Township, West Manchester Township Police Department, Police Chief Smith, City of York, York

City Police Department and Police Commissioner Whitman, the defendant law enforcement officers violated plaintiff Donna L. Dull's Constitutional rights, including Fourth and Fourteenth Amendment rights and improperly engaged the use of excessive force, thereby causing severe personal injuries, more specifically set forth above in plaintiffs' Complaint.

WHEREFORE, plaintiff Donna Dull demands judgment against the defendants in a sum in excess of Two Hundred Thousand ($200,000) Dollars, plus punitive damages, interest, costs, attorneys' fees, damages for delay and all other relief to which she is entitled.

## COUNT III

### ASSAULT
### DONNA L. DULL V. ALL DEFENDANTS

102.   The averments of paragraphs 1 to 101 above are incorporated herein as if fully set forth.

103.   At all times relevant, the defendant law enforcement officers were acting as officers of either the West Manchester Police Department or the York City Police Department, acting at all times within the course and scope of their authority.

33

104.   The defendants, each and acting in concert with each other, intended to put plaintiff Donna Dull in reasonable and immediate apprehension of a harmful or offensive contact with her body.

105.   Defendants' actions described above directly and indirectly resulted in plaintiff Donna Dull being put in reasonable and immediate apprehension of such contact.

106.   The acts of the defendants, alleged in the preceding paragraphs, committed without provocation, justification, or privilege, constitute the tort of assault upon plaintiff Donna Dull.

107.   As a direct and proximate result of such assault, plaintiff Donna Dull has suffered all the injuries and damages set forth above.

WHEREFORE, plaintiff Donna Dull demands judgment against the defendants in a sum in excess of Two Hundred Thousand ($200,000) Dollars, plus punitive damages, interest, costs, attorneys' fees, damages for delay and all other relief to which she is entitled.

## COUNT IV

### BATTERY
### DONNA L. DULL V. ALL DEFENDANTS

108.   The averments of paragraphs 1 to 107 above are incorporated herein as if fully set forth.

34

109.   At all times relevant, the defendant law enforcement officers were acting as officers of either the West Manchester Police Department or the York City Police Department, acting at all times within the course and scope of their authority.

110.   The defendants, each and acting in concert with each other, committed the acts described above with the intent to cause a harmful or offensive contact with plaintiff Donna Dull's body and/or with the intent to put plaintiff Donna Dull in reasonable and immediate apprehension of a harmful or offensive contact with her body.

111.   Defendants' actions described above directly and indirectly resulted in a harmful and/or offensive contact with plaintiff Donna Dull's body.

112.   The acts of the defendants, alleged in the preceding paragraphs, committed without provocation, justification, or privilege constitute the tort of battery upon plaintiff Donna Dull.

113.   As a direct and proximate result of such battery, plaintiff Donna Dull has suffered all the injuries and damages set forth above.

WHEREFORE, plaintiff Donna Dull demands judgment against the defendants in a sum in excess of Two Hundred Thousand ($200,000) Dollars, plus punitive damages, interest, costs, attorneys' fees, damages for delay and all other relief to which she is entitled.

35

## COUNT V

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### DONNA L. DULL V. ALL DEFENDANTS

114.   The averments of paragraphs 1 to 113 above are incorporated herein as if fully set forth.

115.   Defendants, by their extreme and outrageous conduct described above, intentionally or recklessly caused plaintiff Donna Dull to suffer severe emotional distress which has manifested itself physically, mental anguish, embarrassment, humiliation, pain and suffering, loss of enjoyment of life, and bodily harm as described above.

WHEREFORE, plaintiff Donna Dull demands judgment against the defendants in a sum in excess of Two Hundred Thousand ($200,000) Dollars, plus punitive damages, interest, costs, attorneys' fees, damages for delay and all other relief to which she is entitled.

## COUNT VI

### IN THE ALTERNATIVE
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### DONNA L. DULL V. ALL DEFENDANTS

116.   The averments of paragraphs 1 to 115 above are incorporated hereby as if fully set forth.

117.   Defendants by their conduct described above acted negligently, causing plaintiff Donna Dull to suffer severe emotional distress which has manifested itself physically, mental anguish, embarrassment, humiliation, pain and suffering, loss of enjoyment of life and bodily harm as described above.

WHEREFORE, plaintiff Donna Dull demands judgment against the defendants in a sum in excess of Two Hundred Thousand ($200,000) Dollars, plus punitive damages, interest, costs, attorneys' fees, damages for delay and all other relief to which she is entitled.

## COUNT VII

### VIOLATION OF THE CONSTITUTION OF THE COMMONWEALTH OF PENNSYLVANIA
### DONNA L. DULL V. ALL DEFENDANTS

118.   The averments of paragraphs 1 to 117 above are incorporated herein by reference as if fully set forth.

119.   The acts of the defendants alleged in the preceding paragraphs deprived plaintiff Donna L. Dull of her rights, privileges, and immunities under the laws and the Constitution of the Commonwealth of Pennsylvania, in particular, the right to be secure in her person and property, to be free from excessive punishment, and the right to due process secured to her by Article I, Sections I, VIII, IX, XIII, and XXVI of the Pennsylvania Constitution and resulted in the injuries and damages more specifically described above.

37

WHEREFORE, plaintiff Donna Dull demands judgment against the defendants in a sum in excess of Two Hundred Thousand ($200,000) Dollars, plus punitive damages, interest, costs, attorneys' fees, damages for delay and all other relief to which she is entitled.

## COUNT VIII

### VIOLATION OF 42 U.S.C. §1983
### HOLLY DULL V. CONWAY, HAINES, KELLER, BIXLER, CRIDER AND YORK CITY POLICE OFFICER JOHN DOE

120.   The averments of paragraphs 1 to 119 above are incorporated herein by reference as if fully set forth.

121.   Plaintiff Holly Dull was deprived of rights, privileges and immunities secured by the United States Constitution and laws of the United States due to the above-described conduct of the defendants acting under color of state law.

122.   The violation of plaintiff Holly Dull's constitutional rights by the defendant law enforcement officers, acting under color of law, individually, and through their conspiracy with one another, was in accordance with the customs, official policies and practice of the defendants West Manchester Township, West Manchester Township Police Department, Police Chief Smith, City of York, the York City Police Department, and Police Commissioner Whitman.

123.   The defendants violated the constitutional rights of plaintiff Holly Dull by the following acts.

38

(a)     Arresting plaintiff Holly Dull without probable cause; and

(b)     Holding plaintiff Holly Dull in custody without probable cause.

124.    Defendants' conduct as set forth above constituted an unreasonable seizure under the Fourth Amendment to the United States Constitution.

125.    The above-described actions of the defendants, committed with reckless disregard and deliberate indifference toward the rights of plaintiff Holly Dull have deprived her of the following rights, privileges and immunities secured to her by the Constitution of the United States:

(a)     The right to be secure in her person against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States; and

(b)     The right of plaintiff Holly Dull not to be deprived of liberty or property without due process of law, secured by the Fourteenth Amendment to the Constitution of the United States.

126.    The above-described acts of the defendants, acting separately and in concert, were committed with malice and extreme indifference to the rights and privileges of plaintiff Holly Dull as described herein.

127.    As a result of defendants violations of plaintiff Holly Dull's constitutional rights, plaintiff Holly Dull suffered substantial injuries and damage as set forth above.

39

WHEREFORE, plaintiff Holly Dull demands judgment against the defendants in a sum in excess of Two Hundred Thousand ($200,000) Dollars, plus punitive damages, interest, costs, attorneys' fees, damages for delay and all other relief to which she is entitled.

## COUNT IX

### VIOLATION OF 42 U.S.C. §1983
### HOLLY DULL V. WEST MANCHESTER TOWNSHIP,
### WEST MANCHESTER TOWNSHIP POLICE DEPARTMENT,
### POLICE CHIEF SMITH, CITY OF YORK, YORK CITY POLICE
### DEPARTMENT AND POLICE COMMISSIONER WHITMAN

128.   The averments of paragraphs 1 to 127 above are incorporated herein as if fully set forth.

129.   Defendants West Manchester Township, West Manchester Township Police Department, Police Chief Smith, City of York, York City Police Department, and Police Commissioner Whitman tolerated and ratified a pattern and practice of unlawful arrest and unlawful detention in that:

(a)   Said defendants failed to discipline or prosecute or in any manner deal with known incidents of unlawful arrest and/or unlawful detention by their officers;

(b)   Said defendants refused to investigate complaints of previous incidents of unlawful arrest and/or unlawful detention by their police

officers and instead officially claimed that such incidents were

justified and proper; and

(c)     By means of both inaction and cover up of such unlawful arrest and/or

unlawful detention by their officers, said defendants encouraged

police officers, including the defendant law enforcement officers, to

believe that such abuse of police powers was permissible.

130.   Defendants West Manchester Township, West Manchester Township

Police Department, Police Chief Smith, City of York, York City Police

Department, and Police Commissioner Whitman have maintained either an

inadequate system or no system of review of unlawful arrest and/or unlawful

detention by their police officers, which results in the failure to identify instances

of unlawful arrest and/or unlawful detention, or failure to discipline, closely

supervise or retrain police officers who make unlawful arrests or unlawful

detention.  Upon information and belief, the system deficiencies include, but are

not limited to:

(a)     Preparation of investigative reports designed to vindicate unlawful

arrest and/or unlawful detention regardless of whether such actions

were justified;

(b)     Preparation of investigative reports which uncritically rely solely on

the word of police officers involved in the incidents and which

41

systematically failed to credit testimony by non-police officer

witnesses;

(c)     Preparation of investigative reports which omit factual information

and physical evidence which contradict the accounts of the police

officers involved;

(d)     Issuance of statements exonerating officers involved in such incidents

prior to the conclusion of investigation; and

(e)     Failure to review investigative reports by responsible superior officers

for accuracy or completeness and acceptance for conclusions which

are unwarranted by the evidence or which contradict such evidence.

131.   Upon information and belief, said defendants also maintain a system

of grossly inadequate training pertaining to the law of lawful arrests and lawful

detentions.

132.   Defendants West Manchester Township, West Manchester Township

Police Department, Police Chief Smith, City of York, York City Police

Department, and Police Commissioner Whitman failed to promulgate and enforce

a policy relating to lawful arrests and lawful detentions which is not in violation of

the laws of the Commonwealth of Pennsylvania and the United States Constitution,

thereby causing and encouraging police officers, including the defendant law

enforcement officers, to violate the rights of citizens such as plaintiff Holly Dull.

133.   Defendants West Manchester Township, West Manchester Township Police Department, Police Chief Smith, City of York, York City Police Department and Police Commissioner Whitman failed to properly sanction or discipline officers who are aware of and subsequently conceal and/or aid and abet violations of constitutional rights of citizens, including Fourth and Fourteenth Amendment rights violations by other police officers, thereby causing and encouraging police officers, including the defendant law enforcement officers, to violate the rights of citizens such as plaintiff Holly Dull.

134.   Said defendants have intentionally and/or with conscious indifference to the danger of harm to citizens like plaintiff Holly Dull, established a system which fails to identify, track or report instances of unlawful arrest and/or unlawful detention which is used by said defendants to conceal the extent to which police officers engage in unlawful arrest and unlawful detention.

135.   The foregoing acts, omissions and systemic deficiencies of policies, practices and customs of defendants West Manchester Township, West Manchester Township Police Department, Police Chief Smith, City of York, York City Police Department and Police Commissioner Whitman have caused their police officers, including the defendant law enforcement officers, to be unaware of or to disregard the rules and laws governing the situations under which arrest is proper and to believe that unlawful arrest and/or unlawful detention is a proper police practice

43

entirely within the discretion of the officer and that unlawful arrest and/or unlawful

detention would not be honestly and properly investigated, all with the foreseeable

result that officers, including the defendant law enforcement officers, are more

likely to engage in unlawful arrest and/or unlawful detention in situations where

such action is not reasonable or legal.

136. At no time, either prior to employment of the defendant law

enforcement officers or after assignment to duty whereby it was foreseeable that

the defendant law enforcement officers would be required to determine when arrest

was a proper procedure, did defendants West Manchester Township, West

Manchester Township Police Department, Police Chief Smith, City of York, York

City Police Department or Police Commissioner Whitman take reasonable steps to

ascertain whether their respective defendant law enforcement officers were capable

of determining when an arrest or detention was lawful.

137. Said defendants as a matter of policy and practice have with deliberate

indifference failed to adequately train, discipline, sanction or otherwise direct West

Manchester Township Police Department officers and York City Police

Department officers concerning the rights of citizens, particularly under the Fourth

and Fourteenth Amendments of the United States Constitution, thereby causing the

defendant law enforcement officers in this case to engage in the unlawful conduct

as described above.

138.   Said defendants, as a matter of policy and practice, have with deliberate indifference failed to adequately train, discipline, sanction or otherwise direct West Manchester Township Police Department officers and York City Police Department officers, including the defendant law enforcement officers, who are aware of and subsequently conceal violations of the constitutional rights of citizens, including Fourth and Fourteenth Amendment rights violations by other police officers. Said defendants' policies and practices thereby cause and encourage officers, including the defendant law enforcement officers, to engage in unlawful conduct which violates plaintiff Holly Dull's Constitutional rights, including Fourth and Fourteenth Amendment rights.

139.   Said defendants are directly liable for their own acts and omissions, specifically with regard to the failure to train and with regard to the promulgation of violations of plaintiff Holly Dull's Fourth and Fourteenth Amendment rights through the maintenance of a policy, custom, practice and/or procedure that ratifies, condones and/or tolerates such violations.

140.   As a direct and proximate result of the aforesaid acts, omissions, systemic deficiencies, policies and customs of West Manchester Township, West Manchester Township Police Department, Police Chief Smith, City of York, York City Police Department and Police Commissioner Whitman, the defendant law enforcement officers violated plaintiff Holly Dull's Constitutional rights, including

45

Fourth and Fourteenth Amendment rights and improperly engaged in unlawful arrest and unlawful detention, thereby causing severe personal injuries, more specifically set forth above.

WHEREFORE, plaintiff Holly Dull demands judgment against the defendants in a sum in excess of Two Hundred Thousand ($200,000) Dollars, plus punitive damages, interest, costs, attorneys' fees, damages for delay and all other relief to which she is entitled.

## COUNT X

### UNLAWFUL ARREST/FALSE ARREST
### HOLLY DULL V. ALL DEFENDANTS

141.   The averments of paragraphs 1 to 140 above are incorporated hereby as if fully set forth.

142.   At the date and time described above, the defendants, individually and in concert with each other, unlawfully arrested plaintiff Holly Dull without a warrant, without legal process and without probable cause, and took plaintiff Holly Dull into custody pursuant to such unlawful arrest.

143.   Plaintiff Holly Dull did not commit any offense and defendants had no probable cause or reasonable cause for believing plaintiff Holly Due had committed any such offense for which she was arrested.

46

144.   The acts of defendants in causing the false arrest were willful, malicious and without probable cause and without provocation, and have caused all the injuries and damages suffered by plaintiff Holly Dull as set forth above.

WHEREFORE, plaintiff Holly Dull demands judgment against the defendants in a sum in excess of Two Hundred Thousand ($200,000) Dollars, plus punitive damages, interest, costs, attorneys' fees, damages for delay and all other relief to which she is entitled.

## COUNT XI

### FALSE IMPRISONMENT
### HOLLY DULL V. ALL DEFENDANTS

145.   The averments of paragraphs 1 to 144 above are incorporated hereby as if fully set forth.

146.   The defendants unlawfully, forcibly and maliciously imprisoned and restrained and deprived plaintiff Holly Dull of her liberty against her will, without legal authority to do so.

147.   As a direct and proximate result of defendants' willful and malicious conduct toward plaintiff Holly Dull, plaintiff Holly Dull was unlawfully restrained, imprisoned and confined.

148.   The detention and imprisonment of plaintiff Holly Dull was without adequate legal justification.

47

149.   As a direct and proximate result of the unlawful detention and imprisonment of plaintiff Holly Dull, plaintiff Holly Dull has suffered extreme emotional distress, mental anguish, humiliation, embarrassment and other damages and injuries as set forth above.

WHEREFORE, plaintiff Holly Dull demands judgment against the defendants in a sum in excess of Two Hundred Thousand ($200,000) Dollars, plus punitive damages, interest, costs, attorneys' fees, damages for delay and all other relief to which she is entitled.

## COUNT XII

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### HOLLY DULL V. ALL DEFENDANTS

150.   The averments of paragraphs 1 to 149 above are incorporated herein as if fully set forth.

151.   Defendants, by their extreme and outrageous conduct described above, intentionally or recklessly caused plaintiff Holly Dull to suffer extreme fright and shock, severe emotional distress, mental anguish, embarrassment, humiliation, nervousness, shame, anxiety, pain and suffering, loss of enjoyment of life, and a loss of feeling of well-being and security as described above.

WHEREFORE, plaintiff Holly Dull demands judgment against the defendants in a sum in excess of Two Hundred Thousand ($200,000) Dollars, plus

punitive damages, interest, costs, attorneys' fees, damages for delay and all other relief to which she is entitled.

## COUNT XIII

### VIOLATION OF THE CONSTITUTION OF THE COMMONWEALTH OF PENNSYLVANIA HOLLY DULL V. ALL DEFENDANTS

152.   The averments of paragraphs 1 to 151 above are incorporated herein by reference as if fully set forth.

153.   The acts of the defendants alleged in the preceding paragraphs deprived plaintiff Holly Dull of her rights, privileges, and immunities under the laws and the constitution of the Commonwealth of Pennsylvania, in particular, the right to be secure in her person and property, to be free from excessive punishment, and the right to due process secured to her by Article I, Sections I, VIII, IX, XIII, and XXVI of the Pennsylvania Constitution and resulted in the injuries and damages more specifically described above.

49

WHEREFORE, plaintiff Holly Dull demands judgment against the defendants in a sum in excess of Two Hundred Thousand ($200,000) Dollars, plus punitive damages, interest, costs, attorneys' fees, damages for delay and all other relief to which she is entitled.

Respectfully submitted,

METTE, EVANS & WOODSIDE

s/John F. Yaninek
John F. Yaninek, Esquire
Sup. Ct. I.D. No.  55741
3401 North Front Street
P. O. Box 5950
Harrisburg, PA  17110-0950
(717) 232-5000 - Phone
(717) 236-1816 - Fax

Attorneys for Plaintiffs, Donna L. Dull and
Holly Dull

Date: February 16, 2007

465120v1