IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONNA DULL and HOLLY DULL,** | : | CIVIL ACTION NO. 1:07-CV-0307 |
| Plaintiffs | : | (Judge Conner) |
| v. | : | |
| **WEST MANCHESTER TOWNSHIP POLICE DEPARTMENT**, *et al.*, | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this 17th day of June, 2008, upon consideration of the telephone conference held with counsel for plaintiff Donna Dull and for the West Manchester Township defendants[1] on June 9, 2008, of the original and amended complaints (Doc. 1, 57) and answer (Doc. 62) to the latter, and of the submissions of counsel, (Doc. 67, 68), which request leave of court to conduct a second, limited deposition of plaintiff Donna Dull, see (Doc. 67 at 1); FED. R. CIV. P. 30(a)(2)(A)(ii) (requiring leave of court to conduct multiple depositions of a single individual unless the parties stipulate otherwise), and it appearing that defendants wish to question Donna Dull about alleged inconsistencies between the averments in the amended complaint and her earlier deposition testimony, about plaintiff's inability to locate certain photographs requested by the West Manchester Township defendants during the deposition, and about the contents of plaintiff's newly produced calendar journals

---

[1] The West Manchester Township defendants include the West Manchester Township Police Department, West Manchester Township, Arthur D. Smith, Sean Conway, Peter Haines, David Keller, David Bixler, and Steven Crider.

for the years 2005 through 2007, (see Doc. 67 at 1-2; Doc. 68), and—after an *in camera* review of Donna Dull's calendar journals and the transcript of her deposition—the court concluding that the averments contained in the original and amended complaints are substantially identical, that plaintiff's original deposition presented defendants with the opportunity to explore inconsistencies between her testimony and the allegations presently contained in the amended complaint,[2] see FED. R. CIV. P. 26(b)(2)(C)(ii), that questioning regarding plaintiff's inability to locate the requested photographs would be burdensome and impose undue discovery expense, see id. R. 26(b)(2)(C)(iii), and the court further concluding that plaintiff's calendar journals contain discoverable information not addressed in plaintiff's previous deposition testimony, that defendants could not reasonably have known about this information prior to the production of plaintiff's calendar journals, and that permitting defendants to further depose plaintiff Donna Dull would provide them with access to relevant information that was previously inaccessible, see R. 26(b)(1), (2)(C)(i), it is hereby ORDERED that defendants' request for leave of court to conduct a second deposition of plaintiff Donna Dull is GRANTED in part and DENIED in part as follows:

---

[2]Counsel for the West Manchester Township defendants has specifically identified alleged inconsistences between Donna Dull's deposition testimony and Paragraphs 35-80 of the amended complaint. (See Doc. 67 at 1.) These paragraphs are verbatim duplicates of similarly numbered paragraphs in the original complaint. (Compare Doc. 1 ¶¶ 35-80, with Doc. 67 ¶¶ 35-80.) Hence, the West Manchester Townships had ample opportunity to explore the alleged discrepancies during Donna Dull's original deposition.

1. Defendants' request is GRANTED with respect to the calendar journals for the years 2005 through 2007. Defendants shall be permitted to conduct a second deposition of plaintiff Donna Dull for the limited purpose of inquiring about the contents of the calendar journals and asking reasonable follow-up questions. The direct examination of Donna Dull shall be limited to a period of ninety (90) minutes.

2. Defendants request is DENIED with respect to: (i) Donna Dull's inability to locate the photographs requested during her previous deposition and (ii) the alleged inconsistencies between her previous deposition testimony and the allegations in the amended complaint.[3]

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[3] During the telephone conference held on June 9, 2008, counsel for the West Manchester Township defendants also requested leave to question Donna Dull about Officer Nicholas Figge's ("Figge") role in her arrest. Counsel's post-conference submission does not reflect this request. (See Doc. 67.) Figge, an officer of the York City Police Department, was not named in the original complaint, which asserted a claim against a fictitiously named "John Doe" defendant. Figge was identified as the relevant officer on July 12, 2007 in the York City Police Department's initial discovery disclosures pursuant to Rule 26(a)(1)(A). (See Doc. 39, Ex. B at 5-6.) Plaintiff moved to amend the complaint to substitute Figge as a defendant on November 30, 2007. Defendants questioned plaintiff about Figge's arrest report and the role of York City police in her arrest during the previous deposition, see Donna Dull dep. 205-08, 243-45, Nov. 7, 2007. Hence, the deposition presented defendants with "ample opportunity to obtain . . . information" about plaintiff's claim against Figge. FED. R. CIV. P. 26(b)(2)(C)(ii). To the extent that defendants seek leave of court to question Donna Dull about Figge's conduct, the request is denied.