# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONNA DULL and HOLLY DULL,** | : | CIVIL ACTION NO. 1:07-CV-0307 |
| **Plaintiffs** | : | (Judge Conner) |
| v. | : | |
| **WEST MANCHESTER TOWNSHIP POLICE DEPARTMENT**, *et al.*, | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 18th day of September, 2009, upon consideration of the court's memorandum and order (Doc. 90) dated March 31, 2009, which granted in part and denied in part defendants' motion for summary judgment, and which found, *inter alia*, that defendants Sergeant Haines ("Haines") and Detective Bixler ("Bixler") were entitled to qualified immunity with respect to the claim for unlawful arrest and unlawful imprisonment brought by plaintiff Holly Dull ("Holly"), and upon further consideration of plaintiff's motion (Doc. 92) for reconsideration, requesting that the court revisit this aspect of its ruling,[1] and it appearing that

---

[1] Holly's claim centers upon an arrest that occurred on March 14, 2005. Haines, who was on the scene but not familiar with the case involving Donna Dull ("Donna"), contacted Bixler, who was acquainted with the case file, to ask Bixler whether he should arrest Holly. (Doc. 74, Ex. 4 at 18; Doc. 74, Ex. 5 at 7-8.) Bixler, intending for Holly to be interviewed, told Haines to have her come to the police station. (Doc. 74, Ex. 5 at 8-9.) Unfortunately, Haines misunderstood Bixler's response as a request that he arrest her, and he did so. (Doc. 74, Ex. 4 at 18; Doc. 83, Ex. B at 128.)

At summary judgment, defendants argued that the individual defendants were entitled to qualified immunity for Holly's allegedly unlawful arrest. (Doc. 73 at

plaintiff's motion lacks merit,[2] and that plaintiff had the opportunity to address the issue in her opposition to defendants' summary judgment motion but failed to do so, see Doc. 83, and the court concluding that motions for reconsideration are not

---

12-14.) Officers are entitled to qualified immunity when they reasonably rely on the representations of other officers to conclude that probable cause existed for an arrest. See Myers v. Med. Ctr. of Del., Inc., 105 F. App'x 403, 410 (3d Cir. 2004) (citing Sharrar v. Felsing, 128 F.3d 810, 827-28 (3d Cir. 1997). The court found that Haines could have reasonably believed that Bixler was instructing him to place Holly in custody and concluded that probable cause existed. (Doc. 90 at 19.) Similarly, Bixler could have reasonably believed that his response was proper. (Id.) Because Haines and Bixler acted reasonably, and neither was "plainly incompetent," nor were they acting with bad faith or with malicious intent, the court concluded that they were entitled to qualified immunity. (Id. at 18-20.)

[2] Plaintiff disputes the existence of the conversation between Haines and Bixler and argues that summary judgment was therefore inappropriate. Citing evidence that Holly has no recollection of Haines calling Bixler or contacting him by radio, and referencing Holly's testimony that her arrest was almost contemporaneous with her self-identification as Donna's daughter, plaintiff contends that a reasonable factfinder could conclude that the conversation never occurred. The court disagrees. Holly's testimony is equivocal at best. Although Holly stated that Haines "didn't call anyone," (id. at 132:10; see also id. at 133:1), she was uncertain of her statement and admitted that it was possible that the conversation between Haines and Bixler did occur, (id. at 133:21; see also id. at 132:5, 132:7, 133:18). Holly testified that she was looking toward Donna instead of looking at what Haines was doing. (Doc. 83, Ex. B1 at 133:9-13.) Holly also undercut her testimony about the timing of her arrest by responding "I don't recall" when asked whether there was any delay between the time that she identified Donna as her mother and the time that the officer arrested her. (Id. at 132:5, 132:7.) When Holly was later asked how much time elapsed between those two events, she initially estimated that it was "[n]ot even a minute," and then that it was "[l]ess than 30 seconds," suggesting that there was at least a brief delay, before she arrived at her answer that the events might have been contemporaneous. (Id. at 131:22-132:13.) Considering the uncertainty in the relevant portions of Holly's testimony, the court is not persuaded that plaintiff's evidence is sufficient to give rise to a genuine issue of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (holding that, in order to oppose a properly supported motion for summary judgment, the nonmoving party must "set forth specific facts" or "probative evidence" supporting its allegations); FED. R. CIV. P. 56(e).

2

intended to give litigants "a second bite at the apple," see Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995), and that litigants should not use a motion for reconsideration "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided," id. (quoting Brambles USA, Inc., v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990)), and the court further concluding that the challenged order contains no manifest errors of law or fact, see Harsco Corp. v. Zlotniki, 779 F.2d 906, 909 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence . . . ."), it is hereby ORDERED that plaintiff's motion for reconsideration is DENIED.

     S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge