# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA L. DULL and HOLLY DULL, | : |
| Plaintiffs | : |
| | : |
| v. | : NO.: 1:07-CV-00307 |
| | : |
| WEST MANCHESTER TOWNSHIP POLICE DEPARTMENT, et al., | : (The Honorable Christopher C. Conner) |
| | : |
| Defendants | : JURY TRIAL DEMANDED |

## PLAINTIFF DONNA DULL'S PROPOSED JURY INSTRUCTIONS

Plaintiff, Donna Dull, by and through her undersigned counsel, Mette, Evans & Woodside, hereby submits the following points for charge.

Plaintiff Donna Dull will defer to this Honorable Court for general points of charge regarding burden of proof, credibility of witnesses and damages[1].

        Respectfully submitted,

        METTE, EVANS & WOODSIDE

By.   <u>*s/ Andrew H. Dowling*</u>
       Andrew H. Dowling, Esquire
       Sup. Ct. I.D. No. 39692

By:   <u>*s/ John F. Yaninek*</u>
       John F. Yaninek, Esquire
       Sup. Ct. I.D. No. 55741
       3401 North Front Street
       P.O. Box 5950
       Harrisburg, PA 17110-0950
       (717) 232-5000 - Phone
       (717) 236-1816 - Fax

       Attorneys for Plaintiffs
       Donna Dull and Holly Dull

Date: October 19, 2009

---

[1] Plaintiff Donna Dull does submit particularly relevant points which she respectfully request be given by this Honorable Count.

## **PROPOSED JURY INSTRUCTION NO. 1**

Plaintiff Donna Dull claims the defendant police officers used excessive force when they arrested her. In making a lawful arrest, a law enforcement officer has the right to use such force as is necessary under the circumstances to effect the arrest. Whether or not the force used in making an arrest was unreasonable is a question to be determined by you in light of all of the evidence received in the case. You must determine the degree of force that a reasonable and prudent police officer would have applied in effecting the arrest under the circumstances shown from the evidence received in this case. In determining whether the defendant police officers used excessive force, you may consider:

1. The extend of the injury suffered,

2. The need for the application of force,

3. The relationship between the need and the amount of force used,

4. The threat of reasonably perceived by the responsible officials, and

5. Any efforts made to temper the severity of a forceful response.

Injuries which result from, for example, an officer's use of force to overcome resistance to arrest do not involve constitutionally protected interests. An officer's use of excessive force does not give constitutional protection from injuries that would have occurred absent the excessive force.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with hindsight. The nature of reasonableness must allow for the fact that police officers are often forced to make split-second judgments - under the circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation. The reasonableness inquiry is an objective one. The question is whether a defendant police officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

If you find that Plaintiff Donna Dull has proven her claim, you must then consider the defense of police officers that their conduct was objectively reasonable in light of the legal rules clearly established at the time of the incident in issue and that they are therefore not liable.

Police officers are presumed to know about the clearly established constitutional rights of citizens. *[Announce the Court's ruling on what constitutional right involved was clearly established.]*

If after considering the scope of discretion and responsibility generally given to police officers in the performance of their duties and, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time of the arrest, you find from a preponderance of the evidence that

plaintiff Donna Dull has proved that defendant police officers knowingly violated the law regarding plaintiff's constitutional rights, you must find for plaintiff Donna Dull.

If, however, you find that defendant police officer had a reasonable belief that their actions did not violate the constitutional rights of the plaintiff Donna Dull, then you cannot find defendant police officers liable even if the plaintiff's rights were in fact violated as a result of the defendant police officers' objectively reasonable action.

*3B Federal Jury Practice and Instructions Section 165.23 (5th ed.)*

# **PROPOSED JURY INSTRUCTION NO. 2**

Plaintiff Donna Dull makes a claim, not only against defendant police officers involved in the incident, but also against the chief of police (for the West Manchester Township Police Department and the City of York Police Commissioner). In order for the Defendant Chief of Police and Defendant Police Commissioner to be liable to Plaintiff Donna Dull, Plaintiff Donna Dull must show:

First: That defendant police officers violated plaintiff's constitution rights; and

Second: That defendant chief of police and defendant police commissioner either encouraged the specific incident of misconduct or in some other way, directly participated in it.

At a minimum, Plaintiff Donna Dull must show that defendant chief of police and defendant police commissioner at least officially authorized, approved, or knowingly went along with the unconstitutional conduct of the defendant police officers. Personal participation in the immediate act that violated the plaintiff's rights is not required. It is sufficient if the defendant chief of police and defendant police commissioner set in motion a series of acts by others, or knowingly refuses to terminate a series of acts by others, which defendant police officer knows or reasonably should know would cause others to inflict the constitutional injury.

*3B Federal Jury Practice and Instructions Section 165.24 (5th ed.)*
*(modified with brackets indicting language added)*

## **PROPOSED JURY INSTRUCTION NO. 3**

Plaintiff Donna Dull claims to have been injured as a result of the defendant Township's and City's failure to properly train its officers and that this alleged failure can be considered to be the official policy of Defendants. Your verdict will be for Plaintiff Donna Dull and against Defendant West Manchester Township and the City of York only if you first find in favor of Plaintiff Donna Dull and against the defendant police officers:

First: That defendant West Manchester Township's and the City of York's training program was inadequate to train its officers and employees to carry out their duties; and

Second: The need for more training or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policy makers of defendant West Manchester Township and defendant the City of York can reasonably be said to have been deliberately indifferent to the need for such training; and

Third: The failure of Defendant West Manchester Township and defendant the City of York to provide proper training was a cause of injury to plaintiff Donna Dull.

*3B Federal Jury Practice and Instructions Section 165.26 (5th ed.)*

# **PROPOSED JURY INSTRUCTION NO. 4**

If you find for plaintiff Donna Dull, you must determine plaintiff's damages. Plaintiff Donna Dull has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate plaintiff Donna Dull for the deprivation of civil rights *[proximately] [legally]* caused by defendant police officers. Damages may not be based on speculation or sympathy. They must be based on the evidence presented at trial and only the evidence.

You should consider the following elements of damage to the extent you find them proved by a preponderance of the evidence, and no others:

1. The reasonable value of any of plaintiff's property lost or destroyed during, or as a result of, the defendant police officers' unconstitutional acts;

2. The reasonable cost of plaintiff's medical care and hospitalization;

3. Plaintiff's physical or emotional pain and mental anguish.

If you find for plaintiff Donna Dull, but you find that that plaintiff Donna Dull has failed to prove actual damages, you shall return an award of nominal damages not to exceed one dollar. The mere fact a constitutional deprivation has been shown to have occurred is an injury to the person entitled to enjoy that right, even when actual damages flow from the deprivation.

*3B Federal Jury Practice and Instructions Section 165.70 (5th ed.)*

## **PROPOSED JURY INSTRUCTION NO. 5**

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not defendants should be held liable.

If you find defendants liable, then you must consider the issue of compensatory damages. You must award Plaintiff Donna Dull an amount that will fairly compensate her for any injury she actually sustained as a result of defendants' conduct.

Donna Dull must show that the injury would not have occurred without defendants' act. Donna Dull must also show that defendants' act played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of defendants' act. [There can be more than one cause of an injury.] To find that defendants' act caused Donna Dull's injury, you need to find that defendants' act was the nearest cause, either in time or space. However, if Donna Dull's injury was caused by a later, independent event that intervened between defendants' act and Donna Dull's injury, defendants are not liable unless the injury was reasonably foreseeable by defendants.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.

Plaintiff Donna Dull claims the following items of damages:

- medical bill totaling $22,909.75.

- Physical harm to plaintiff Donna Dull during and after the events at issue, including ill health, physical pain, disability, disfigurement, or discomfort, and any such physical harm that plaintiff Donna Dull is reasonably certain to experience in the future. In assessing such harm, you should consider the nature and extent of the injury and whether the injury is temporary or permanent.

- Emotional and mental harm to plaintiff Donna Dull during and after the events at issue, including fear, humiliation, and mental anguish, and any such emotional and mental harm that plaintiff Donna Dull is reasonably certain to experience in the future.

- The reasonable value of the medical [psychological, hospital, nursing and similar] care and supplies that plaintiff Donna Dull reasonably needed and actually obtained, and the present value of such care and supplies that plaintiff Donna Dull is reasonably certain to need in the future.

- The reasonable value of legal services that plaintiff Donna Dull reasonably needed and actually obtained to defend and clear herself.

[Each plaintiff has a duty under law to "mitigate" his or her damages - that means that the plaintiff must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by the defendant(s). It is the defendants' burden to prove that plaintiff Donna Dull has failed to mitigate. So if defendants' persuade you by a preponderance of the evidence that plaintiff Donna Dull failed to take advantage of an opportunity that was reasonably available to her, then you must reduce the amount of plaintiff's damages by the amount that could have been reasonably obtained if she had taken advantage of such opportunity.]

[In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.]

*3B Federal Jury Practice and Instructions Section 4.8.1 (5th ed.)*

**PROPOSED JURY INSTRUCTION NO. 6**

If you return a verdict for Plaintiff Donna Dull, but Donna Dull has failed to prove compensatory damages, then you must award nominal damages of $1.00.

A person whose federal rights were violated is entitled to the recognition of that violation, even if she suffered no actual injury. Nominal damages ($1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

*3B Federal Jury Practice and Instructions Section 4.8.2 (5th ed.)*

## **PROPOSED JURY INSTRUCTION NO. 7**

Acts are done "under color of ….law" of a state, not only when state officials act within the bounds or limits of their lawful authority, but also when such officers act without and beyond the bounds of their lawful authority. The phrase "under color of state law," includes acts done under color of any state law, or county or municipal ordinance, or any regulation issued thereunder, or ay state or local custom.

In order for unlawful acts of an official to be done "under color of any law," the unlawful acts must be done while the official is purporting to pretending to act in the performance of the officials' official duties. The unlawful acts must be of such a nature, and be committed under such circumstances, that they would not have occurred but for the fact that the person committing them was an official, purporting to exercise official powers.

The federal statute that defendant police officers are alleged to have violated covers not only acts done by an official under color of any state law, but also acts done by an official under color of any ordinance or regulation of any county or municipality of the state, as well as acts done by an official under color of any regulation issued by any state, or county, or municipal official, and even acts done by an official under color of some state or local custom.

*3B Federal Jury Practice and Instructions Section 165.40 (5th ed.)*

## **PROPOSED JURY INSTRUCTION NO. 8**

Damages should be awarded for all injuries caused by the occurrence even if:

1. the injuries caused by the occurrence were more severe than could have been foreseen because of the plaintiff's prior physical condition; or

2. a preexisting medical condition was aggravated by the occurrence.

If you find that the Plaintiff Donna Dull did have a preexisting condition that was aggravated by the defendants' negligence, the defendants are responsible for any aggravation caused by the occurrence.

I remind you that the defendants can be held responsible only for those injuries or the aggravation of a prior injury or condition that you find was factually caused by the occurrence.

*Pennsylvania Bar Institute Civil Jury Instructions No. 6.03 (3rd ed. 2009 Sup.)*

# CERTIFICATE OF SERVICE

 I certify that I am this day serving a copy of the foregoing document upon the person(s) and in the manner indicated below, which service satisfies the requirements of the Federal Rules of Civil Procedure, by depositing a copy of same in the United States Mail at Harrisburg, Pennsylvania, with first-class postage, prepaid or via electronic service, as follows:

Devon M. Jacob, Esquire
Lavery, Faherty, Young & Patterson, P.C.
225 Market Street, Suite 304
Harrisburg, PA 17108-1245
*djacob@laverylaw.com*

Donald B. Hoyt, Esquire
Assistant Solicitor, City of York
One Marketway West - Third Floor
York, PA 17401
*PZerba@yorkcity.org*

Thomas Ollason, Esquire
Swartz Campbell, LLC
275 Grandview Avenue, Ste. 104
Camp Hill, PA 17011
*tollason@swartzcampbell.com*

Respectfully submitted,

METTE, EVANS & WOODSIDE

*s/Andrew H. Dowling*
Andrew H. Dowling, Esquire
Sup. Ct. I.D. No. 39692
*s/John F. Yaninek*
John F. Yaninek
Sup. Ct. I.D. No. 55741
3401 North Front Street

                                        P.O. Box 5950
                                        Harrisburg, PA  17110-0950
                                        (717) 232-5000 - Phone
                                        (717) 236-1816 - Fax
                                        Attorneys for Plaintiffs
                                        Donna L. Dull and Holly Dull

Date:  October 19, 2009

519571v1