## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONNA DULL,** | : | **CIVIL ACTION NO. 1:07-CV-0307** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **SEAN CONWAY and** | : | |
| **NICHOLAS FIGGE,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 19th day of October, 2009, upon consideration of plaintiff's

motion in limine (Doc. 105), wherein plaintiff requests that the court exclude certain

photographs of questionable content as evidence,[1] and upon further consideration

of defendants' joint response (Doc. 109) to plaintiff's motion in limine,[2] and it

---

[1] Plaintiff seeks to exclude the photographs themselves as evidence. She argues that the photographs are not relevant under the standard established in Rule 401 of the Federal Rules of Evidence, because the photographs do not make a fact of consequence more or less probable. See FED. R. EVID. 401. Plaintiff argues in the alternative that the court should exclude the photographs under Rule 403, on the basis that they are more prejudicial than probative. See FED. R. EVID. 403. Plaintiff does not seek to exclude all reference to the photographs.

[2] Defendants contend that the photographs will become relevant for purposes of cross-examination and/or impeachment should plaintiff open the door or otherwise refer to the photographs. The court does not agree that a mere reference to the photographs would necessarily open the door to admissibility of the photographs themselves. It is difficult to imagine how plaintiff may present her case in chief without some reference to the existence and content of the photographs, because such evidence is relevant to establish the circumstances of plaintiff's arrest and thus inseparable from plaintiff's claim. Such evidence would not inescapably lead to admission of the photographs, particularly in light of the risk of prejudice that would follow.

appearing that the photographs at issue formed the basis of plaintiff's arrest from which plaintiff's claim of excessive force arises, and the court concluding that plaintiff's claim will require the jury to evaluate the reasonableness of the force used under "the totality of the circumstances," Kopec v. Tate, 361 F.3d 772, 776 (3d Cir. 2004), and the court further concluding that it would be premature to grant plaintiff's motion in limine (Doc. 105) at this time,[3] it is hereby ORDERED that plaintiff's motion in limine (Doc. 105) is DENIED without prejudice to plaintiff's right to renew the request at trial.

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[3] The court cannot conclude at the outset that the photographs are devoid of probative value or that their admission would cause prejudice that outweighs their probity, as plaintiff argues. The court will be in a better position to weigh the merits of this argument at trial. At that time, the court will be able to consider the context of the evidence presented and the purpose for which defendants offer the photographs. The court will not presently speculate as to the circumstances under which the photographs may or may not be admissible; however, it will not look favorably upon any attempt to mischaracterize the content of the photographs at trial.