# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONNA DULL,** | : | CIVIL ACTION NO. 1:07-CV-0307 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **SEAN CONWAY** and **NICHOLAS FIGGE**, | : | |
| Defendants | : | |

## MEMORANDUM

Donna Dull ("Donna") brings this claim pursuant to 42 U.S.C. § 1983, asserting that law enforcement officers used excessive force against her in violation of her Fourth Amendment rights. Presently before the court is defendants' joint motion in limine (Doc. 107). The parties have briefed the issues and the motion is now ripe for disposition.

## I. Factual Background and Procedural History

This case originates with certain indiscreet photographs that plaintiff Donna Dull ("Donna") took of her four-year-old granddaughter, H.D., the daughter of Holly Dull ("Holly"). (Doc. 72 ¶ 4; Doc. 82 ¶ 4.) Donna had taken the photographs while undressing H.D. for a bath, and they depicted H.D. in ten nude poses. (Doc. 74, Ex. 15; Doc. 83, Ex. A at 21-22.) The record contains no evidence that Donna took the photographs with predatory intent; in fact, it contains evidence to the contrary.

On March 13, 2005, Donna left the film containing the suspect photos at a Wal-Mart store located in the West Manchester Mall in York, Pennsylvania, to be

developed. (Doc. 72 ¶ 24; Doc. 82 ¶ 24.) Donna and Holly returned to the mall the following day, and Donna retrieved her prints while Holly went to a fast-food restaurant for lunch. (Doc. 83, Ex. B at 33-34.) A Wal-Mart employee informed Donna that the photo center staff had questioned the propriety of the photographs and had turned them over to defendant West Manchester Township Police Department. (Doc. 72 ¶ 25; Doc. 82 ¶ 25; Doc. 83, Ex. A at 41-42.) A Wal-Mart staff member then contacted the police, and defendants West Manchester Township Police Officer Sean Conway ("Conway") and York City Police Sergeant Nicholas Figge ("Figge") were dispatched to the mall. (Doc. 74, Ex. 3 at 15; Doc. 74, Ex. 8 at 8.) These officers ultimately took Donna into custody after she emerged from the mall and entered her vehicle. (Doc. 83, Ex. A at 60-71.)

When Donna stepped out of her vehicle as Conway instructed, (Doc. 83, Ex. A at 14-15, 49, 59-60; Doc. 72 ¶¶ 31-32; Doc. 82 ¶¶ 31-32), Conway rotated her body so that she was facing a sport utility vehicle parked in the next space, (Doc. 83, Ex. A at 15). From this position, he grasped her wrists and prepared to handcuff her. (Id. at 15, 65-67.) She testified that this maneuver caused her to experience considerable pain in one of her fingers, which was swollen due to arthritis. (Id. at 15, 68.) After Conway restrained her, she was slammed with great force into the side of the SUV, causing further injury. (Id. at 15, 71, 80, 229.) Donna could not identify the officer who forced her against the SUV because the conduct occurred with the officers at her back. (Doc. 83, Ex. A at 75-76, 80.)

2

Holly exited the mall after Donna was placed in the rear of Conway's police cruiser. (Doc. 72 ¶¶ 61-62; Doc. 74, Ex. 4 at 17; Doc. 82 ¶¶ 61-62.) West Manchester Township Police Sergeant Peter Haines ("Haines") had recently arrived on the scene, and Conway and Figge were briefing him on the situation when Holly approached the officers. (Doc. 72 ¶¶ 61-62; Doc. 74, Ex. 4 at 17; Doc. 82 ¶¶ 61-62.) Haines contacted West Manchester Township Police Detective David Bixler ("Bixler"), who wanted Haines to bring Holly "back to the station to be interviewed," (Doc. 74, Ex. 5 at 8-9), but did not intend for him to arrest her. Due to a miscommunication between them, however, Haines did arrest Holly. (Doc. 74, Ex. 4 at 18; Doc. 83, Ex. B at 128.)

Donna and Holly were eventually transported to the West Manchester Township police station, where someone purportedly informed Donna that a York City officer was responsible for shoving her into the SUV. (Doc. 83, Ex. A at 76.) Donna cannot remember who made this statement. (Id.) Donna and Holly were later released. Subsequently, Donna scheduled an appointment with defendant West Manchester Township Police Officer Steven Crider ("Crider") to file a citizen's complaint regarding the force used to apprehend her. (Doc. 74, Ex. 6 at 9; Doc. 83, Ex. A at 84-85.) Crider was otherwise uninvolved in her arrest. (Doc. 72 ¶ 47; Doc. 82 ¶ 47.) West Manchester police filed a criminal complaint against Donna on June 17, 2005 charging her with sexual abuse of children. (Doc. 74, Ex. 16.) The district attorney dismissed all charges on June 21, 2006 due to a lack of evidence establishing criminal intent. (Doc. 74, Ex. 14 ¶¶ 6, 12.)

Donna and Holly filed the instant suit on February 16, 2007, alleging violations of their constitutional rights under § 1983 and advancing various tort claims under state law. On March 31, 2009, the court granted summary judgment in defendants' favor with respect to Holly's claims for unlawful arrest and unlawful imprisonment and some of Donna's claims. (See Doc. 90.) Donna's claim that Conway and Figge used excessive force in arresting her remains pending. Trial is scheduled to commence on November 2, 2009.

## II. Discussion

Defendants' joint motion in limine (Doc. 107) seeks to exclude the following: (A) evidence that an unknown York City police officer allegedly caused Donna's injuries, (B) testimony of Holly Dull ("Holly"), (C) evidence regarding the civil claims brought by Holly, (D) evidence related to Steven Crider's employment termination or the criminal charges against him, and (E) evidence that the criminal charges against Donna were ultimately dismissed. The court will address these subjects *seriatim*.

### A. Evidence that an Unknown York City Police Officer Allegedly Caused Donna Dull's Injuries

Defendants argue that the court should preclude any evidence that an unknown individual told plaintiff that a York City police officer caused or contributed to her injuries. Defendants contend that such evidence is inadmissible hearsay. Hearsay is any oral or written "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the

4

truth of the matter asserted." FED. R. EVID. 801(c).  Unless it falls within one of Federal Rules' exceptions, hearsay testimony is not admissible evidence.  See FED. R. EVID. 802.  However, "a statement is not hearsay if [t]he statement is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship . . . ." FED. R. EVID. 801(d)(2)(D).  Plaintiff asserts that an agent or servant of the West Manchester Township Police Department made the statement that a York City police officer slammed Donna into the SUV and that it is therefore an admission by a party-opponent.

The court cannot presently agree that the statement at issue qualifies as an admission by a party-opponent under Rule 801(d)(2).  West Manchester Township and its Police Department are no longer a parties to the instant case; therefore, plaintiff's assertion that an officer of the West Manchester Township Police Department made the statement does not render the statement admissible pursuant to Rule 801(d)(2) against the Township or its Police Department.[1]  Plaintiff did identify Conway as one of the individuals who may have made the statement, but she has failed to establish that the statement was his own.  (See Doc. 83, Ex. A

---

[1] The notes of the advisory committee on the Federal Rules of Evidence explain that "[a]dmissions by a party-opponent are excluded from the category of hearsay on the theory that their admissibility in evidence is the result of the adversary system rather than satisfaction of the conditions of the hearsay rule." FED. R. EVID. 801 advisory committee's note.  To admit a statement made by an agent of a terminated party would extend the application of this rule beyond the rationale that supports it, because neither West Manchester Township nor its Police Department continues to participate in the adversarial proceeding.

5

at 76.) Without such evidence, the court cannot conclude that plaintiff may offer the statement against Conway as an admission by a party-opponent. However, the court does not wish to preclude plaintiff from attempting to establish the proper foundation during the presentation of evidence at trial. Therefore, this aspect of defendant's motion in limine will be denied without prejudice. This ruling affords plaintiff the opportunity to establish a foundation for using the statement against Conway[2] as an admission by a party-opponent or to proffer the evidence for a non-hearsay purpose. Absent the proper foundation, however, if plaintiff should offer the statement to prove that a York City police officer was responsible for injuring her, the court will exclude the statement at issue as inadmissible hearsay.[3]

### B. Testimony of Holly Dull

Defendants request that the court prohibit plaintiff from offering Holly's testimony as evidence at trial. Defendants assert that, because Holly did not witness the events giving rise to Donna's excessive force claim, any testimony she could offer would consist merely of hearsay and/or cumulative evidence, which would be inadmissible. See FED. R. EVID. 802, 403. As discussed supra Part A, hearsay evidence is not admissible. In addition, the court possesses broad discretion to exclude relevant evidence under Rule 403 when the probative value of

---

[2] It is undisputed that the statement cannot be attributed to Figge.

[3] Plaintiff has not indicated that she would offer this evidence for any purpose but to prove the truth of the matter asserted, nor has she disputed defendants' argument that the statement at issue does not fall within the ambit of any exceptions to the hearsay rule.

6

the evidence is "substantially outweighed . . . by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403; Betterbox Commc'ns Ltd. v. BB Techs., Inc., 300 F.3d 325, 330 (3d Cir. 2002) (holding that "the district court had broad discretion in ruling on [a] Rule 403 request"). Plaintiff claims that Holly can offer relevant non-cumulative and non-hearsay testimony as to Donna's damages. According to plaintiff, Holly has personal knowledge regarding the effect of Donna's injuries on her daily life, because she lives with Donna presently and lived with her prior to the events at issue. In reliance on plaintiff's argument, the court will deny defendants' motion in limine as to Holly Dull's testimony, without prejudice to defendants' right to object to cumulative testimony or to hearsay evidence presented at trial.

**C.** **Evidence Relating to Holly Dull's Civil Claims**

Defendants seek to exclude evidence regarding Holly's failed civil claims for unlawful arrest and unlawful imprisonment or the events giving rise to said claims. Defendants argue that such evidence is not relevant to Donna's excessive force claim and that, if admitted, it would prejudice the jury against defendants, confuse the jury, and unnecessarily prolong the trial. In her brief in opposition to the pending motion, plaintiff does not dispute defendants' arguments on this issue.

Evidence is relevant if it renders a material fact either more or less probable than it would have been absent the evidence. FED. R. EVID. 401. Although relevant evidence is generally admissible, a trial court has broad discretion to exclude relevant evidence under Rule 403 when the probative value of the evidence is

7

"substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 402, 403; Betterbox Commc'ns, 300 F.3d at 330.

Defendants request that the court exclude evidence relating to Holly's claims in conjunction with their request that the court prohibit Holly from testifying, as the court discusses supra Part B. Defendants also request, however, that if plaintiff should offer testimony from Holly during its presentation, then the court should permit defendants to use evidence of Holly's unsuccessful civil claims to show her potential bias against defendants. The evidence at issue would be relevant for the purpose of impeachment; therefore, the court will deny defendants' motion in limine with respect to evidence relating to Holly's civil claims.

### D. Evidence Relating to Steven Crider's Employment Termination or the Criminal Charges Against Him

Defendants contend that the court should exclude evidence regarding the employment termination of Steven Crider or the criminal charges against him on the basis that such evidence is irrelevant, prejudicial to defendants, confusing to the jury, and because it would unnecessarily prolong the trial. Plaintiff argues that if Mr. Crider testifies at trial, Rule 608(b) permits her to cross-examine him on specific instances of dishonest conduct to impeach his character for truthfulness, although she cannot prove these acts with extrinsic evidence. See FED. R. EVID. 608. Plaintiff's understanding of Rule 608(b) is sound, but the court lacks sufficient

information to evaluate plaintiff's claim that the crimes Mr. Crider allegedly committed involve dishonesty. Neither party has advised the court of: (1) the circumstances surrounding Mr. Crider's termination, or (2) the nature of the charges against him. Consequently, the court cannot dispose of defendants' motion in limine at this time and will deny it without prejudice.

### E. Evidence that the Criminal Charges Against Donna Dull were Dismissed

Defendants seek the exclusion of evidence that the criminal charges asserted against Donna were subsequently dismissed. Defendants assert that the disposition of the criminal charges is not relevant to the merits of Donna's unlawful force claim. Defendants cite Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988), for the proposition that an acquittal of criminal charges would not be relevant even if the lawfulness of the arrest were at issue, but defendants remark that the court previously decided that defendants had probable cause to arrest Donna. Defendants argue, in the alternative, that evidence regarding the dismissal of the charges against Donna would confuse the jury and prejudice the jury against defendants.

Plaintiff notes that sexual abuse of children is a highly inflammatory crime which carries a unique stigma. Therefore, plaintiff argues, if defendants offer evidence that Donna was arrested for sexual abuse of children, the court should permit plaintiff to show that the charges were ultimately dismissed in order to avoid undue prejudice against plaintiff. Plaintiff offers that such evidence could be

accompanied by a limiting instruction to the jury, explaining that the dismissal of the charges is not indicative of whether the officers had probable cause to arrest Donna or whether they used excessive force at the time of the arrest.

The court agrees with plaintiff that if the jury hears evidence regarding the charges for which Donna was arrested, a significant risk of prejudice will arise. Indeed, the jury may assume that Donna was prosecuted and convicted for sexual abuse of children. To mitigate undue prejudice in the event that such evidence is presented, the court will permit plaintiff to present evidence of the dismissal of the criminal charges against Donna. Therefore, the court will deny defendants' motion in limine with respect to such evidence, and if necessary, it will instruct the jury that its consideration of such evidence shall be limited accordingly. See Betterbox, 300 F.3d at 330 (indicating that a limiting instruction may alleviate the danger of unfair prejudice). A limiting instruction will alleviate the risk of juror confusion or prejudice against defendants.

**III. Conclusion**

Defendants' motion in limine will be denied in all respects. With respect to the statement that a York City police officer is responsible for plaintiff's injuries, the court cannot presently conclude that such a statement is not an admission by defendant Conway, a party-opponent. The court is also unpersuaded that any testimony from Holly Dull would be inadmissible. Regarding Holly's failed civil claims, the court finds that they are relevant for the purpose of showing bias. The court cannot address the relevance of evidence relating to Steven Crider's allegedly dishonest conduct on the record presently before it. Finally, with regard to the evidence that the criminal charges brought against plaintiff were subsequently dismissed, the court is not persuaded that such evidence is inadmissible.

An appropriate order follows.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     October 19, 2009

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONNA DULL and HOLLY DULL,** | : | CIVIL ACTION NO. 1:07-CV-0307 |
| **Plaintiffs** | : | (Judge Conner) |
| v. | : | |
| **WEST MANCHESTER TOWNSHIP POLICE DEPARTMENT**, *et al.*, | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 19th day of October, 2009, upon consideration of defendants' joint motion in limine (Doc. 107), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion is DENIED. It is further ORDERED that counsel shall submit a joint limiting instruction for the purposes referenced in the accompanying memorandum. If counsel are unable to agree upon an appropriate limiting instruction, both parties shall submit proposed instructions to the court no later than the time set for jury selection.

                                        S/ Christopher C. Conner
                                        CHRISTOPHER C. CONNER
                                        United States District Judge